NO. 07-10-0047-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 13, 2010

_____

MILESTONE ARCHITECTURAL ORNAMENTATION, INC., APPELLANT

V.

CECILIA CAMILLE OCHS, APPELLEE

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 97,201-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Proceeding pro se through its Chief Executive Officer, Appellant, Milestone Architectural Ornamentation, Inc., filed a notice of appeal from the trial court's judgment in favor of Appellee, Cecilia Camille Ochs. For the reasons expressed herein, we dismiss this appeal for want of jurisdiction.

A timely notice of appeal is essential to invoke this Court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A notice of appeal must be filed

within thirty days after judgment is signed.  Tex. R. App. P. 26.1.  The deadline is extended to ninety days under certain circumstances.  *Id.* at 26.1(a).  A further fifteen-day extension is provided by Rule 26.3 of the Texas Rules of Appellate Procedure.

The limited documents filed in this appeal reflect that the judgment being appealed was signed on October 21, 2009.  A motion for new trial was filed on October 28, 2009, extending the deadline in which to file a notice of appeal to January 19, 2010.  Adding the fifteen day extension,[1] the last possible date in which to file the notice was February 3, 2010. The notice of appeal, however, was not filed until February 4, 2010, beyond all possible deadlines in which to do so.[2]

Pursuant to Rule 42.3(a) of the Texas Rules of Appellate procedure, Appellant's CEO was notified by letter dated February 17, 2010, to show cause why this appeal should not be dismissed for want of jurisdiction, noting that failure to respond would result in dismissal.  No response was filed.  This Court has no discretion in the matter other than to dismiss the appeal.  Tex. R. App. P. 2.

Consequently, this purported appeal is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

---

[1]A motion for extension of time for the fifteen day deadline is necessarily implied.  *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).  "[O]nce the period for granting a motion for extension of time . . . has passed, a party can no longer invoke the appellate court's jurisdiction."  *Id.*

[2] The notice of appeal was hand delivered making Rule 9.2(b) of the Texas Rules of Appellate Procedure inapplicable.